IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| JESSE JAMES JETER, | ) Civil Action No. 3:10-2832-CMC-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| PALMETTO HEALTH INTERNAL MEDICINE CENTER, | ) ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

Plaintiff, Jesse James Jeter, filed this action on November 2, 2010. Plaintiff appears to allege that Defendant discriminated against him based on his race and/or disability as to his medical treatment.[1] He alleges that Defendant violated his rights under the Americans with Disabilities Act. On February 9 and 16, 2011, Plaintiff filed motions for default judgment. On March 3, 2011, Defendant filed a motion to dismiss. Plaintiff, because he is proceeding pro se, was advised on March 4, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendant's motion could result in the dismissal of his complaint. Plaintiff filed a response on March 14, 2011.

In his February 9, 2011 motion for default judgment, Plaintiff argues that he should be granted default judgment against Defendant because Defendant failed to timely file a response and that the failure should not be excused. In his February 16, 2011 motion for default, Plaintiff reiterates his argument and asserts that Defendant referenced an incorrect date in its motion requesting an

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02 (B)(2)(e) DSC. Because these are dispositive motions, the report and recommendation is entered for review by the court.

extension of time. Defendant, in its motion to dismiss, argues that it has never been properly served,[2] "Palmetto Health Internal Medicine Center" is not the proper defendant, the proper defendant is "Palmetto Health d/b/a Palmetto Health Internal Medicine Center," and it filed a motion to extend time to respond when it became aware that an employee had signed for delivery of the Summons and Complaint.

The deadline for Defendant to file a responsive pleading or otherwise respond to the Complaint was extended until March 7, 2011. Doc. 12. Thus, Plaintiff has not shown that Defendant is in default as Defendant timely filed a motion to dismiss on March 3, 2011. When a motion to dismiss under Rule 12 is filed, the time for the responsive pleading is altered (if the court denies the motion to dismiss, "the responsive pleading must be served within 14 days after notice of the court's action"). Fed. R. Civ. P. 12(a)(4).

In its motion to extend time, Defendant represented that the deadline to file responsive pleadings or otherwise respond was February 14, 2011, rather than twenty days after December 30, 2010. Plaintiff argues that Defendant's motion to extend time was untimely because he served Defendant on December 30, 2010. Defendant contends that the date used in its motion to extend time was consistent with information available at that time to counsel for Defendant (Defendant asserts that Palmetto Health's legal department did not receive a copy of this lawsuit until January 25, 2011). Even if the date provided by Defendant in its motion to extend time is incorrect, Plaintiff did not

---

[2]Glenda Kennedy-McLeod signed a postal service domestic return receipt indicating receipt of certain mail. Howard P. West, the Senior Vice President and General Counsel for Palmetto Health, states that the person served (Glenda Kennedy-McLeod) is an employee in the admitting office at Palmetto Health Internal Medicine Center, but is not an officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process for Palmetto Health and is not authorized to accept service on behalf of Palmetto Health. West Aff.

appeal the order granting the extension of time. Further, Defendant provided good cause to extend the time for it to file a responsive pleading and otherwise respond, and has shown excusable neglect (that counsel did not receive a copy of the summons and complaint until January 25, 2011, because Defendant was allegedly was not properly served) for failing to ask for the extension of time until February 10, 2011. See Fed. R. Civ. P. 6(b). Additionally, even if Plaintiff could show that Defendant is in default, the clear policy of the Federal Rules of Civil Procedure is to discourage judgment by default and to encourage disposition of claims on their merits. See Reizakis v. Loy, 490 F.2d 1132 (4th Cir. 1974) and Tolson v. Hodge, 411 F.2d 123 (4th Cir. 1969). Thus, it is recommended that Plaintiff's motions for default judgment be denied.

## **CONCLUSION**

Based on the foregoing, it is recommended that Plaintiff's motions for default judgment (Docs. 13 and 16) be **denied**.

Joseph R. McCrorey
United States Magistrate Judge

July 8, 2011
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).