IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| JESSE JAMES JETER, | ) | C.A. No. 3:10-2832-CMC-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | OPINION AND ORDER |
| v. | ) | |
| | ) | |
| PALMETTO HEALTH d/b/a PALMETTO HEALTH INTERNAL MEDICINE CENTER, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Through this action, Plaintiff, who is proceeding *pro se* and *in forma pauperis*, seeks damages for discriminatory treatment he alleges he received with respect to medical care. Specifically, Plaintiff alleges that Defendant discriminated against him with respect to pain treatment and notations made in his medical record based on Plaintiff's race and disability status.

The matter is before the court for review of the Report and Recommendation ("Report") entered on July 8, 2011, to which neither party has objected. Dkt. No. 25.

For the reasons set forth below, the court adopts the recommendation in the Report and denies Plaintiff's motions for entry of default judgment (Dkt. Nos. 13, 16). However, the court does so on grounds different from those relied on in the Report.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the

Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## BACKGROUND

Plaintiff filed this action on November 2, 2010. An order authorizing service was issued on December 17, 2010. Dkt. No. 7. That order advised Plaintiff of his responsibility to provide accurate information sufficient to effect service. *See* Dkt. No. 7 at 2 ("Plaintiff **must** provide, and is responsible for, information sufficient to identify Defendant on the Form USM-285. The United States Marshal cannot serve an improperly identified defendant, and unserved defendants may be dismissed as parties to this case."). Plaintiff, thereafter, completed Form USM-285, identifying Defendant as "Palmetto Health Internal Medicine Center" and giving its address as "1801 Sunset Dr., Columbia S.C. 29203." Dkt. No. 15. This form does not name any particular person on whom service is to be made.

Plaintiff first moved for default judgment on February 9, 2011. Dkt. No. 13 (asserting that "Defendant did not file something within the time for filing a response with the court" and "has overlooked [its] duty to respond within the time for filing a response and should not be excused"). Plaintiff neither indicated when the service was made nor attached any proof of service.

The following day, Defendant moved "for an enlargement of time . . . to file responsive pleadings or otherwise respond to the Complaint." Dkt. No. 10. In that motion, which requested a twenty-day extension of the deadline for answering, Defendant represented that its then-current

2

deadline for responding to the Complaint was February 14, 2011. Defendant did not indicate when or how the Complaint was served or mention any concern with adequacy of service. Neither did it question the manner in which Defendant was identified (a concern raised only in later documents). Defendant did, however, refer to an investigation regarding "insurance coverage and representation," which was not complete until February 9, 2011. Based on this alleged delay, defense counsel asserted that they would not be able to adequately prepare an answer or other response before the deadline they represented would otherwise apply: February 14, 2011.

The motion for extension of time was granted by docket text order on the same day it was filed, February 10, 2011. This resulted in the order being entered without any input from Plaintiff despite the pendency of the motion for entry of default.[1]

Four days later, Plaintiff filed his proof of service which indicated that the summons and complaint were delivered to Defendant's Sunset Drive address by certified mail, restricted delivery, with return receipt requested. The return receipt reflects the signature of "Glenda K. McLeod" ("Kennedy-McLeod") on December 30, 2010. Dkt. No. 15 (filed February 14, 2011).

Two days after filing the proof of service, Plaintiff filed a second document requesting entry of default. In this document, Plaintiff noted the date on the return receipt and Defendant's error, in light of that date of service, in stating that February 14, 2011 was the deadline for responding to the complaint.

Defendant filed a motion to dismiss on March 3, 2011. Dkt. No. 17. Defendant argued, *inter alia*, that: (1) service was improper; (2) due to the improper service, the summons and complaint were not received by Defendant's legal department until January 25, 2011; and (3) Defendant's

---

[1] Because Plaintiff was proceeding *pro se*, defense counsel were not obligated to (and apparently did not) consult with Plaintiff before filing the motion. *See* Local Civil Rule 7.02.

3

motion to dismiss was timely, and precluded entry of default, in light of the court's extension of Defendant's time to respond to the complaint.

On March 9, 2011, Defendant filed an affidavit of its Senior Vice President and General Counsel, Howard P. West ("West"). West averred that Kennedy-McLeod is not an officer, managing or general agent, or other agent authorized to accept service of process. West also averred that the entity named in the caption of the complaint is not a separate legal entity from Palmetto Health and provided the name (though not the address) of the registered agent for service of process.

On March 14, 2011, Plaintiff filed a memorandum in opposition to Defendant's motion to dismiss. Dkt. No. 22. He argued, *inter alia*, that service was proper because Kennedy-McLeod signed the receipt, indicating her belief that she was authorized to do so, and that other notices mailed to that address have not been returned. Dkt. No. 22 at 3-4. He also argued that Defendant had failed to meet its burden of showing that she was not so authorized. *Id.* at 7. In addition, Plaintiff again noted the deficiencies in Defendant's request for an extension of time, most critically the incorrect statement of when the response to the complaint was due.

Plaintiff also moved to amend his complaint. Dkt. No. 21. Although the complaint was rewritten, the amendments did not seek to modify the manner in which Defendant was identified.

Defendant did not file any opposition to the motion to amend or reply in support of dismissal. Defendant's only response to Plaintiff's requests for entry of default was in the motion to dismiss referenced above.

On July 8, 2011, the Magistrate Judge entered (1) a Report recommending that Plaintiff's motions for default judgment be denied and (2) a separate order granting Plaintiff's motion to amend. While the Report recommends that Plaintiff's motions for default judgment be denied, it does not do so based on any finding that service was insufficient. Instead, the Report recommends

4

that Plaintiff's motions be denied on the following three grounds: (1) Defendant is not in default because the court extended the time to respond to the complaint and Defendant filed its motion to dismiss within the extended period, (2) "Defendant provided good cause to extend the time for it to file a responsive pleading and otherwise respond[,]" and (3) Defendant's failure to seek the extension until February 10, 2011, was the result of excusable neglect because "counsel did not receive a copy of the summons and complaint until July 25, 2011[.]"   The Report further notes that "[e]ven if the date provided by Defendant in its motion to extend time is incorrect, Plaintiff did not appeal the order granting the extension of time." Dkt. No 25 at 2-3; *but see id.* at 1 (acknowledging that Plaintiff noted the error in his second motion for default judgment, which was filed four days after Defendant filed its motion to extend time).

The contemporaneous order grants Plaintiff's motion to amend and addresses Defendant's motion to dismiss in some detail but does not purport to rule on it.  Instead, it notes various deficiencies in the service[2] and directs Plaintiff to cure those deficiencies by September 30, 2011, warning that a recommendation for dismissal for lack of proper service will be made if the deficiencies are not timely cured.[3]

The Report advised the parties of their right to object.  Neither party has, however, filed an objection to the Report.

---

[2] For example, it notes the requirements of federal and incorporated state law to serve an appropriate agent.  It also notes that the burden of establishing proper service was on Plaintiff who had failed to show that Kennedy-McLeod was a proper agent for service of process.

[3] As this statement  implicitly acknowledges, the Magistrate Judge may only make a *recommendation* on a motion to dismiss.

5

**DISCUSSION**

The court agrees with the recommendation in the Report and, therefore, denies Plaintiff's requests for entry of default, albeit for reasons other than those stated in the Report. The court, therefore, adopts the Report's result but not its reasoning.

The court declines to adopt the reasoning of the Report for three reasons. First, the reasoning in the Report infers arguments which Defendant has not, in fact, made.[4] Second, the propriety of the order extending the time to respond to the Complaint is in doubt.[5] Finally, the court would not find Plaintiff's failure to appeal the order granting the extension of time dispositive of Plaintiff's separate motion for entry of default. Not only did the first motion for entry of default remain open after entry of the extension order, but Plaintiff promptly challenged Defendant's misstatement as to the "current" deadline for answering by filing his "second" motion for entry of default. Given

---

[4] For example, the Report states that Defendant showed "good cause to extend the time . . . to file a responsive pleading" based on the delay in receipt of the Complaint by in-house counsel. This was not, however, the basis for the motion to extend time which, instead, relied on an incorrect representation that the deadline was still pending and argued that an extension was necessary because "[i]nsurance coverage and representation for the Defendant had to be investigated and the investigation was not completed until on or about February 9, 2011." Defendant has, likewise, offered no argument of "excusable neglect" based on delayed receipt. Even if such a claim was made, it would be insufficient because the claim of delayed receipt by the legal department, unlike other factual claims (relating to who serves as agent for service of process), is not supported by affidavit.

[5] While an *ex parte* order extending the time to answer would have been proper had the deadline not yet expired, as was represented to the Magistrate Judge, the facts were otherwise (assuming proper service). *See* Fed. R. Civ. P. 6(b)(1) (stating that court may grant an extension of time "with or without motion or notice if [the] court acts, or if a request is made, before the original time or its extension expires"). Either there was no pending deadline (due to the defective service) or the deadline was already past, as suggested by Plaintiff's previously filed motion and later filed proof of service. Defendant's subsequent argument (in its motion to dismiss) that the deadline claimed was *consistent* with its later-claimed January 25, 2011 receipt by the legal department is also unpersuasive. Had January 25 served as the trigger date, the deadline for answering would have been February 22, 2011, not February 14, 2011.

6

Plaintiff's *pro se* status, this is sufficient to give notice that he was challenging entry of the extension order to the extent it had any impact on his pending motion for entry of default.

Defendant's only opposition to Plaintiff's motions for entry of default is found in Defendant's motion to dismiss for failure of proper service which argues, primarily, that service was defective because made on a person who was not a proper agent for service of process. Thus, Plaintiff's motions for entry of default cannot be resolved without considering Defendant's claim that service was defective. The court is, however, persuaded that service was defective for reasons explained in the Magistrate Judge's order granting Plaintiff's motion to amend: McLeod was not an officer or general agent of Defendant, neither was she authorized to accept service on Defendant's behalf. Dkt. No. 24 at 1-4 (order on motion to amend–explaining why service was inadequate and directing Plaintiff to cure the deficient service by September 30, 2011, but not expressly ruling on Defendant's motion to dismiss).[6] That service was deficient precludes entry of default. It does not, however, require the court to dismiss the action. Instead, the court agrees with the Magistrate Judge's approach as stated in the order granting Plaintiff's motion to amend which allows Plaintiff until September 30, 2011, to cure the defects in service by properly serving a summons and the *amended* complaint. The court further directs Plaintiff to amend the caption to properly identify Defendant as "Palmetto Health d/b/a Palmetto Health Internal Medicine Center."

## CONCLUSION

For the reasons stated above, the court concludes that the initial service was defective and, on that basis, denies Plaintiff's motions for default judgment. While the court agrees that service was defective, it concludes that Plaintiff should be allowed until September 30, 2011, to properly

---

[6] The court reaches this conclusion regardless of whether Plaintiff or Defendant bears the burden of proof and, consequently, declines to decide who bears the burden.

serve Defendant with the amended complaint modified to properly identify Defendant as indicated above. The court, therefore, also denies Defendant's motion to dismiss and grants Defendant leave to file a subsequent motion if service is not perfected by September 30, 2011.

    IT IS SO ORDERED.

                                                s/ Cameron McGowan Currie  
                                                CAMERON MCGOWAN CURRIE  
                                                UNITED STATES DISTRICT JUDGE

Columbia, South Carolina  
July 29, 2011