IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Jesse James Jeter, | ) | C/A No.: 3:10-2832-CMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Palmetto Health d/b/a Palmetto Health | ) | |
| Internal Medicine Center, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Jesse James Jeter ("Plaintiff"), proceeding pro se and in forma pauperis, brought this claim alleging he was discriminated against on the basis of his race and alleged disability by agents of Palmetto Health Internal Medicine Center ("Defendant") in violation of the Americans with Disabilities Act, 42 U.S.C. § 12132 *et seq.* ("ADA"). This matter comes before the court on Plaintiff's and Defendant's motions for summary judgment [Entry #62, #63]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). Because the motions for summary judgment are dispositive, this report and recommendation is entered for the district judge's consideration.

I.    Factual Background

In his amended complaint, Plaintiff alleges he moved to Columbia, South Carolina from Washington State and sought treatment from Defendant beginning in March of 2009. [Entry #27 at 3]. He complains that although he was previously diagnosed by his primary care physicians (presumably in Washington) with rheumatoid arthritis and

osteoarthritis, he was diagnosed by Dr. Phillip Keith with fibromyalgia. *Id*. In addition to decreasing his narcotics prescriptions and altering his treatment plan, Plaintiff alleges Defendant's physicians "intentionally infused false claims" into his medical records. *Id*. at 4. The alleged false statements include, but are not limited to, statements that "[t]he patient does not experience chronic pain" and "[h]e has been on chronic narcotics for 30+ years." *Id*. at 4–5. Plaintiff also references one of his medical records indicating he had previously lived in Washington, D.C. *Id*. at 4. Plaintiff states that he has never lived in Washington D.C. and believes that Defendant discriminated against him based on his race because "[s]ome allege that there are a large number of African-American males who are addicted to narcotics in Washington, D.C." *Id*. at 8. Plaintiff further alleges that the alleged false statements caused his application for disability benefits to be denied. *Id*. at 7. Plaintiff claims that Defendant violated his rights pursuant to Title II[1] of the ADA and have discriminated against him based on his race. *Id*. at 2; [Entry #67 at 4].

Plaintiff filed his motion for summary judgment on April 11, 2012 [Entry #62] and Defendant filed a response on April 27, 2012 [Entry #70]. Defendant filed its motion for summary judgment on April 13, 2012 [Entry #63], and the court advised Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately to Defendant's motion pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). [Entry #65]. Plaintiff filed a response on April 19, 2012. [Entry #67]. This

---

[1] Although Defendant originally analyzed Plaintiff's claim under Title III of the ADA, Plaintiff's response makes it clear that he is proceeding under Title II of the ADA. [Entry #67 at 2, 4].

matter being fully briefed, it is ripe for disposition. For the reasons that follow, the undersigned recommends denying Plaintiff's motion for summary judgment [Entry #62] and granting Defendant's motion for summary judgment [Entry #63].

II.     Discussion

    A.      Standard of Review

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

    In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are

irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

B.   Analysis

1.   Plaintiff's Motion for Summary Judgment

In his motion for summary judgment [Entry #62], Plaintiff argues that Defendant has not provided the court with a genuine dispute of material facts, but does not reference the applicable law or the substantive facts of his case. Because Plaintiff does not support each element of his prima facie case with undisputed facts, the undersigned recommends his motion for summary judgment be denied.

2.   Plaintiff's ADA claim

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity,[2] or be subject to discrimination by such entity." 42 U.S.C. § 12132. A plaintiff seeking relief under the ADA must present

_____

[2] Plaintiff contends that Defendant is a public entity, which Defendant denies. Because Plaintiff has not met the elements required for demonstrating a claim under Title II of the ADA, the undersigned has not addressed this issue.

sufficient evidence to establish that 1) he has a disability, 2) he is otherwise qualified to receive the benefits of the public services, programs, or activities, and 3) he was denied the benefits of such services, programs, or activities, on the basis of his disability. *See Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 498 (4th Cir. 2005); *Baird v. Rose*, 192 F.3d 462, 468 (4th Cir. 1999).

In the instant case, Plaintiff has failed to set forth a specific disability under the statute. Additionally, Plaintiff admits that he has "not been excluded from participation in the programs of the defendant." [Entry #27 at 2]. Therefore, Plaintiff has not alleged the elements required to set forth a claim under Title II of the ADA and the undersigned recommends Defendant be granted summary judgment on Plaintiff's ADA claim.

### 3. Race Discrimination

Plaintiff also generally claims racial discrimination, but does not set forth a statute that he alleges was violated. Although 42 U.S.C. § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations, a requirement for proceeding pursuant to § 1983 is that the defendant acted under color of state law. *Jett v. Dallas Indep. School Dist.*, 491 U.S. 701, 731-32 (1989). In the instant case, because there is no indication that Defendant is a state actor, Plaintiff may not successfully proceed under § 1983.

Even if Plaintiff could proceed under § 1983 or another applicable statute, Plaintiff has not set forth any facts showing he was discriminated against based on his race. Although he alleges that Defendant incorrectly indicated in one medical record that he was from Washington, D.C. and that "[s]ome allege that there are a large number of

African-American males who are addicted to narcotics in Washington, D.C." [Entry #27 at 8], such an allegation is insufficient, without more, to show that Defendant discriminated against him based on his race. Therefore, Plaintiff has not sufficiently set forth a claim for racial discrimination and the undersigned recommends Defendant be granted summary judgment.

### 4. Professional Negligence/Malpractice

Defendant argues that to the extent Plaintiff attempts to bring a claim for professional negligence, he has failed to comply with the requirements of S.C. Code Ann. § 15-79-110, et seq. and § 15-36-100 for filing medical malpractice actions. Specifically, Defendant contends Plaintiff failed to contemporaneously file a Notice of Intent to File Suit and an expert witness affidavit prior to filing the complaint or amended complaint.[3] In response, Plaintiff simply states that he disagrees. [Entry #67 at 6]. Because it appears that Plaintiff has failed to comply with the statute's requirements for filing a medical malpractice claim, the undersigned recommends Defendant be granted summary judgment to the extent Plaintiff's amended complaint sets forth a claim for medical malpractice.

## III. Conclusion

For the foregoing reasons, the undersigned recommends Plaintiff's motion for summary judgment be denied [Entry #62] and Defendant's motion for summary judgment [Entry #63] be granted.

---

[3] *See* S.C. Code Ann. § 15-79-110, et seq. and § 15-36-100.

IT IS SO RECOMMENDED.

Shiva V. Hodges

November 14, 2012                          Shiva V. Hodges
Columbia, South Carolina                   United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).